# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1741-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

K.H.,

    Defendant-Appellant.

_____

Submitted February 4, 2025 – Decided June 4, 2025.
Remanded by the Supreme Court March 27, 2026.
Resubmitted April 9, 2026 – Decided April 21, 2026

Before Judges Sumners, Susswein and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 22-04-0600.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

Jennifer Davenport, Attorney General, attorney for respondent (Debra Grace Simms, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

This case returns to us by order of the Supreme Court directing us to reconsider our opinion, State v. K.H., 482 N.J. Super. 113 (App. Div. 2025), in light of its recent decision in State v. Carlton, 262 N.J. 629 (2026). Defendant challenges the imposition of his extended-term sentence as a persistent offender pursuant to N.J.S.A. 2C:44-3(a).[1] He contends his constitutional rights were violated because his eligibility for the extended term was determined by the sentencing court rather than a jury.

In Erlinger v. United States, 602 U.S. 821, 835 (2024), the United States Supreme Court held that a defendant is entitled under the Fifth and Sixth Amendments to have a jury unanimously determine, beyond a reasonable doubt, whether the defendant's past offenses were "committed on occasions different from one another" under the federal Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The Erlinger majority, applying principles first announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), reiterated "there is no doubt what the Constitution requires in these circumstances: Virtually 'any fact' that

_____

[1] N.J.S.A. 2C:44-3(a) provides that a court may sentence a defendant to an extended term of imprisonment as a persistent offender if the defendant "has been previously convicted on at least two separate occasions of two crimes, committed at different times, when [the defendant] was at least 18 years of age, if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced."

'increase[s] the prescribed range of penalties to which a criminal defendant is exposed' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." Erlinger, 602 U.S. at 834 (alteration in original) (quoting Apprendi, 530 U.S. at 490).

It is not disputed that Erlinger abrogated New Jersey's persistent offender statute to the extent that N.J.S.A. 2C:44-3(a), as presently drafted, provides that certain predicate facts are to be found by a court rather than a jury. The critical issue presented to our Supreme Court in Carlton was whether a violation of the Erlinger rule could be harmless constitutional error. The Court concluded that "errors in failing to submit sentencing factors or elements to a jury, as in Apprendi and its progeny, are presumptively subject to harmless error analysis, not automatic reversal." Carlton, 262 N.J. at 643. The Court further held that before a constitutional error can be considered harmless, the reviewing court must be convinced beyond a reasonable doubt that the error did not affect the outcome. Id. at 642. Stated another way, the record must provide meaningful appellate review and demonstrate that only one outcome would have been possible at trial. Id. at 645.

The Court thus held that the harmless constitutional error doctrine applies to Erlinger violations provided that "the relevant facts are undisputed, the

sentencing court's reasoning fully articulated, and the record demonstrates, beyond any reasonable doubt, the sole conclusion a jury could have reached had Erlinger been in place at the time of sentencing." Id. at 644. Applying that test, the Court found the constitutional error in that case was harmless beyond a reasonable doubt. Id. at 645.

Here, as in Carlton, we are satisfied that the constitutional error in this case is harmless beyond a reasonable doubt. The underlying facts necessary to establish eligibility for a persistent offender extended term under N.J.S.A. 2C:44-3(a) are uncontested, and the sentencing court made all required findings to establish eligibility for an extended term.

We are not persuaded by defendant's contention that the State has failed to meet the Carlton test because the prosecution in this case did not submit to the sentencing court certified copies of prior judgments of conviction but instead provided a certification of counsel consistent with information in the presentence report. In the recitation of facts and procedural history section of its opinion, the Court in Carlton noted that "[t]he State presented two certified judgments of conviction in support of its application." Id. at 634. But nothing in the legal analysis portion of the Court's opinion specifies the form of documentary and/or testimonial evidence needed to establish that the defendant

4

had prior convictions for purposes of applying the harmless-constitutional-error test. Rather, in announcing its holding, the Court noted that "[t]he trial court relied on <u>documentary evidence</u> presented by the State <u>and undisputed by the defense</u>." Id. at 645 (emphasis added). The Court then proceeded to discuss the "uncontested facts," ibid., that established the defendant's eligibility for a persistent offender extended term.

Here, defendant did not object to the form of evidence presented to the sentencing court. Importantly, moreover, defendant did not dispute the validity or accuracy of the predicate facts presented by the State in its certification of counsel. We therefore conclude that for purposes of the Carlton harmless constitutional error rule, the uncontested information set forth in the documentary evidence presented to the sentencing court by the State establishes beyond any reasonable doubt that defendant has prior convictions that make him eligible for an extended term as a persistent offender and that is the sole conclusion a jury could have reached had Erlinger been in place at the time of trial. Id. at 644.

We are also unpersuaded by defendant's argument that "there is ambiguity in whether the [sentencing] court was relying on two offenses committed at separate times," referring to two of defendant's prior six convictions, that is, his

convictions for terroristic threats and distribution of a controlled dangerous substance (CDS). The sentencing court noted that these two convictions were entered on the same date and did not make a finding that defendant was previously convicted on at least two separate occasions or that those two offenses were committed at different times, as required by N.J.S.A. 2C:44-3(a). See note 1.

The Supreme Court in Carlton anticipated this situation, explaining,

> That is not to say that harmless error review will resolve every post-Erlinger claim. If, in contrast to this case, a judge makes the determination based on an ambiguous record, where, for example, the prior offenses were not indisputably committed at different times, harmless error review may be inappropriate.

[Id. at 645.]

But in this instance, there is another basis upon which to find that the constitutional error was harmless: the record clearly shows defendant was previously convicted of six qualifying crimes committed over the span of twelve years, amply satisfying, indeed far exceeding, the minimum requirement that defendant be convicted as an adult "on at least two separate occasions of two crimes, committed at different times." N.J.S.A. 2C:44-3(a). Defendant's record of six prior convictions makes it unnecessary to clarify whether the terroristic threats and CDS convictions were committed at different times. As the

6

sentencing court aptly noted, "you only need two" to be eligible for a persistent offender extended term.

We are likewise unpersuaded by defendant's argument that the sentencing court might have elected in its discretion not to impose an extended term but for the "ambiguity" regarding the timing of the terroristic threats and CDS convictions. Given the number of qualifying predicate convictions, defendant's contention is mere speculation. And in any event, the Erlinger rule as applied to N.J.S.A. 2C:44-3(a) focuses on the threshold determination of eligibility for an extended term, not the sentencing court's ensuing decision whether to impose a sentence within the extended-term range in its discretion. It is not disputed that under the Erlinger framework, when the facts needed to establish eligibility for an enhanced sentence are determined by a jury, the Constitution is not offended if the decision to ultimately impose the enhanced sentence is thereafter made by a judge. Accordingly, the constitutional error committed in this case was harmless under the Carlton test.

In our original opinion, we remanded for the court to hold a jury trial to comply with Erlinger and therefore did not reach defendant's argument that the fifty-four-year-term subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, was excessive. K.H., 482 N.J. Super. at 140-43. Because we now

hold that the Erlinger violation was harmless constitutional error, meaning that a jury trial is not needed in this case to determine defendant's eligibility for an extended term as a persistent offender, we proceed to address defendant's contention that he received "an unduly punitive sentence [that] cannot be justified."

Here, defendant was sentenced to fifty-four-years subject to NERA—a sentence within the guidelines. The victim gave an impact statement, after which the court conducted a hearing on the State's motion for a discretionary extended term. The court, after stating defendant was thirty-five years of age, noted its intent to merge defendant's convictions for burglary and sexual assault into the conviction for aggravated sexual assault for sentencing purposes.

The court reviewed defendant's background and criminal history, noting defendant's self-reported medical history (though he had no other documentation to support it) and summarized the facts and circumstances of the crime. The court emphasized that defendant's record dates back to 2005 and consists of twenty-one arrests and twelve prior convictions for crimes including aggravated assault, terroristic threats, burglary, unlawful possession of weapons, and narcotics. The court considered defendant's juvenile record as well.

Furthermore, the court found that three aggravating factors applied. First, with respect to aggravating factor three—the risk defendant would commit another offense—the court cited defendant's extensive criminal history, the fact that his crimes were escalating in nature, his juvenile history, and the nature of the crimes committed in this case. See N.J.S.A. 2C:44-1(a)(3).

Second, regarding aggravating factor six—the extent of defendant's prior criminal record and seriousness of offenses for which he has been convicted—the sentencing court considered the extent of defendant's prior criminal record and the seriousness of the charges of which he has been convicted, as noted above. See N.J.S.A. 2C:44-1(a)(6). The court also highlighted the particularly violent nature of the current offense, in which the victim was "viciously" sexually assaulted in that the victim was "pulled by her hair, hit in the back, thrown to the floor and penetrated."

Third, as to aggravating factor nine—the need for deterrence—the court emphasized the need to deter both the defendant and others, especially as it relates to sexual conduct and sexual assault. See N.J.S.A. 2C:44-1(a)(9). The court also considered the impact the assault had on the then-approximately-sixty-year-old victim.

Finally, the court considered the statutory and non-statutory mitigating factors and determined none applied. See N.J.S.A. 2C:44-1(b). The court noted that incarceration would be difficult as it relates to defendant's health; however, defendant did not provide sufficient documentation of those medical issues.

The scope of our review is narrow. Appellate courts review sentencing determinations under an abuse of discretion standard. State v. Bolvito, 217 N.J. 221, 228 (2014). We must affirm a sentence under review unless:

> (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [State v. Fuentes, 217 N.J. 57, 70 (2014) (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).]

Once a sentencing court has balanced the aggravating and mitigating factors set forth in N.J.S.A. 2C:44-1(a) and (b), it "may impose a term within the permissible range for the offense." State v. Morente-Dubon, 474 N.J. Super. 197, 208 (App. Div. 2022) (quoting State v. Bieniek, 200 N.J. 601, 608 (2010)); see also State v. Case, 220 N.J. 49, 65 (2014) (instructing that appellate courts may not substitute their judgment for that of the sentencing court, provided that

10

the "aggravating and mitigating factors are identified, supported by competent, credible evidence in the record, and properly balanced").

We are unpersuaded by defendant's contention that the sentencing court impermissibly double counted aggravating factors three, six, and nine. As the court noted, the persistent offender statute requires only two prior convictions, N.J.S.A. 2C:44-3(a), whereas defendant had six qualifying convictions. In these circumstances, the sentencing court was free to consider the other four convictions for purposes of finding aggravating factors, without running afoul of the double-counting prohibition. See State v. Abdullah, 184 N.J. 497, 506 n.2 (2005) ("In a discretionary sentencing system in which the court decides the weight to give to a prior criminal conviction and how high on the scale to increase the sentence, the court naturally would consider the risk a defendant will re-offend and the need to deter."); see also State v. Dunbar, 108 N.J. 80, 92 (1987) (noting that a defendant's "overall response to prior attempts at rehabilitation" is a "relevant factor[] in adjusting the base extended term").

Here, the sentencing court did not abuse its discretion. The court properly sentenced defendant based on competent credible evidence in the record and the sentence does not shock the judicial conscience. See Fuentes, 217 N.J. at 70 (quoting Roth, 95 N.J. at 364-65).

In sum, considering the record, we conclude that the sentencing court did not abuse its discretion in sentencing defendant as a persistent offender or in imposing a sentence within the extended-term range. The sentence is affirmed. To the extent we have not specifically addressed defendant's sentencing contentions, or addressed them only briefly, it is because they lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1741-22